12488

WATSON ET AL. v. JENNINGS, MAYOR, ET AL.

(144 S. E., 78)

1. MUNICIPAL CORPORATIONS—COURT MUST PRESUME, UNTIL CONTRARY IS SHOWN, THAT CITY COUNCIL WILL SPEND FUNDS IN ITS HANDS IN LEGAL AND CONSTITUTIONAL MANNER.—Court must presume, until contrary is shown, that City Council will spend all funds in its hands in a legal and constitutional manner and will not restrain expenditure of money alleged to be held in city treasury pursuant to law authorizing city to borrow money for specified purpose.

2. MUNICIPAL CORPORATIONS—UNVERIFIED PETITION NOT USING WORD "REFERENDUM" OR "ELECTION," OR IDENTIFYING ORDINANCE OR RESOLUTION, HELD INSUFFICIENT TO REQUIRE CITY COUNCIL TO ORDER REFERENDUM OR ELECTION.—Petition requesting City Council to repair Court House situated on property purchased by city to be used as a civic center and which was not verified, and did not use the word "referendum" or "election," or identify any ordinance, resolution, combination, or group thereof which should be submitted to referendum vote, held insufficient to require City Council thereunder to order a referendum or election in regard to subject-matter contained therein.

3. MUNICIPAL CORPORATIONS—MERE STATEMENT OF INTENTION TO ORIGINATE PETITION TO INITIATE ORDINANCE IS INSUFFICIENT FOR COURT TO INTERFERE WITH CITY COUNCIL IN EXERCISE OF DISCRETION.—Mere statement of intention to originate and file a petition asking to initiate an ordinance under the statute applying to the government of a city under the Commission Form is not sufficient for Court to act on or to interfere with City Council in the exercise of its discretion conferred by law.

4. MUNICIPAL CORPORATIONS—CITY COUNCIL CANNOT WAIVE REQUIREMENTS OF LAW RELATIVE TO REFERENDUM OR INITIATIVE ELECTION.—City Council cannot waive the requirements of statute relative to referendum election or initiative election.

5. MUNICIPAL CORPORATIONS—COURT CANNOT INTERFERE WITH RIGHT OF PURCHASER OF COURT HOUSE BUILDING PURSUANT TO ADVERTISEMENT BY CITY COUNCIL TO HANDLE AND DISPOSE OF PROPERTY.—Where City Council duly advertised old Court House building for

sale after due notice calling .for bids, .and it .was purchased for value, Court cannot subsequently interfere with purchaser's right to handle and dispose of its property as it desires.

6. Appeal and Error—City Council Will be Enjoined from Calling Election Pursuant to Petition Filed after Judgment Until Determination of Appeal Therein.—Where plaintiffs, in action to enjoin removal of Court House building pursuant to sale thereof by City Council, after judgment denying relief, originated a petition and proposed ordinance for disposition of such building, and had obtained supersedeas in appeal pending adjudication in Supreme Court, City Council will be restrained from passing any ordinance or calling an election pending final determination of action on appeal, in that calling such an election would impose a useless and unnecessary expense.

Before Mann, J., Orangeburg, May, 1928. Affirmed.

Action by W. W. Watson and another, individually and in behalf of other citizens and taxpayers of the City of Orangeburg, against R. H. Jennings, as Mayor, and others. Judgment for defendants, and plaintiffs appeal.

The orders of Judge Mann, dated May 24, 1928, and June 2, 1928, are as follows:

On May 12, 1928, I issued a rule requiring the defendants to show cause before me why they should not be restrained and enjoined until the further order of the Court from doing the things set forth in the complaint in this action, and it was directed that the defendants be restrained and firmly enjoined from doing the acts complained of in the complaint pending such hearing, which was set for May 17, 1928. On such date the plaintiffs filed a verified amended complaint, which was served on the defendants, and the defendants, constituting the City Council of the City of Orangeburg, filed a verified answer, and the defendant, Home Investment Company, also filed a separate verified answer. There was filed a demurrer to the answer of the defendants, and it was stated and agreed that the Court should consider that the defendants had entered a demurrer to the complaint for insufficiency. There was filed an affidavit of the plaintiff, D. H. Marchant, and also

a statement setting forth facts, records and documents for consideration by the Court, if necessary in the opinion of the Court to a proper determination of the matters in issue.

The issue in the case involved the question of whether or not the plaintiffs were entitled to an injunction restraining the City Council of Orangeburg and the defendant, Home Investment Company, from doing certain acts and things complained of by plaintiffs, the real contention being against the removal of the old court house building.

After hearing in full the arguments of counsel engaged in the cause, I have given the matter and the facts submitted careful consideration. Fortunately, there are no material differences of fact involved in this controversy. The slight differences are as to matters that are entirely immaterial and it is not difficult to find the true facts from the information before me, and apply the principles of law with reference to the rights of the parties to the facts as I have determined them.

Briefly stated, the facts as I find them are as follows: In the fall of 1926, the County of Orangeburg, acting through a Court House Commission, was considering the remodeling of the old court house building located on a small square or plot of ground, situated in the heart of the business district of the City of Orangeburg, or building a new court house at the same location, and the City of Orangeburg, acting through its City Council, offered to provide a satisfactory new site elsewhere and to contribute the sum of $35,000.00 towards the construction of a new building if the County of Orangeburg would convey to the city the old court house site and building thereon. This proposition was accepted by the Court House Commission on behalf of the County of Orangeburg by proper resolution.

The General Assembly in an Act approved March 23, 1926 (Acts 1926, p. 1660, § 3), had authorized the Orangeburg County Court House Commission, created under such Act, to sell the square if it considered it to the public

interest to do so, with the limitation that the site shall not be sold for business or commercial purposes. By an Act of the General Assembly approved March 1, 1927 (Acts 1927, p. 998, § 1), the City Council of the City of Orangeburg was authorized and empowered to borrow to the amount of $75,000.00 for the purpose of paying for the court house property, improving or changing the square and other public places, streets, or walks, and authorized to pledge any revenue, income, assets, or property of the City of Orangeburg to the payment of such indebtedness. The City of Orangeburg, acting through its City Council, agreed with the County of Orangeburg, acting through its Court House Commission, that the site of the old court house conveyed to the City of Orangeburg should be used only for a public park for the benefit of the citizens of the City of Orangeburg and of the County of Orangeburg.

Subsequently, after an action had been brought in the Court of Common Pleas in and for the County and State aforesaid, testing the authority of the proposed conveyance, the matter was adjudicated and the City of Orangeburg ordered to carry out its agreement with the Orangeburg County Court House Commission. Thereupon in April, 1927, the City Council borrowed the sum of $75,-000.00 and paid out approximately $62,000.00 in complying with the order of the Court to carry out the agreement of the City of Orangeburg with the Court House Commission and received from the Orangeburg County Court House Commission a deed to the court house square or site of the old court house, with building thereon, with the condition in the said deed "that same be not used for business or commercial purposes, but that it should be dedicated by the City of Orangeburg for a public park to be beautified or improved by the city as may be most convenient and suitable for the benefit of the citizens of the City of Orangeburg and of the County of Orangeburg." Possession of the old court house building and site was not

13—S. C. R.—146

turned over to the City of Orangeburg until the new Orangeburg County court house had been built and the officials moved therein.

In November, 1927, certain citizens of the City of Orangeburg appeared before the City Council, requesting that they be heard as to the disposition of the old court house building, and subsequently, on other occasions, the subject was taken up informally with the City Council and its members. Then on April 19, 1928, the City Council received a petition containing approximately 750 names recited as that of citizens of Orangeburg, most of them taxpayers, many of them freeholders, asking the City Council not to tear down the old court house, now owned by the city, but to repair or remodel it to be used as a civic center, and reciting suggestions as to the utilization of the old building and grounds. At the same time there was filed with the City Council a counter petition containing approximately 1,700 names, reciting that "the undersigned citizens of the City of Orangeburg hereby petition the City Council to remove the old court house and not retain it, as we believe that the original plans should be carried out to completion. To do so would be economy in the end, because the old building, if left there, will become more expensive to keep up, and more unsightly with the years." Certain citizens were heard on these petitions.

Thereafter, on April 27, 1928, the City Council announced that it was not feasible to change its plans to remove the old court house building and prepared and gave to the press a statement of its reasons for such action, a published copy of which statement has been introduced in evidence in this action, and immediately caused to be inserted an advertisement in a newspaper published at Orangeburg on April 28, 1928, calling for bids for the old court house building and requiring the successful bidder to remove the old court house building within 60 days and to give bond in the sum of $1,000.00 for the faithful per-

formance of such contract, and stating that any bids should be submitted for consideration by the City Council at its regular meeting on May 11, 1928.

On May 11, 1928, the City Council in regular meeting, after considering two bids, accepted that of the Home Investment Company to pay the sum of $161.00 for the old building and to remove it, as required in the notice calling for such bidders. The following morning the Home Investment Company paid the City of Orangeburg the amount of its bid and executed the required bond; whereupon the City of Orangeburg by an instrument in writing, in consideration thereof, sold and conveyed the old court house building to the said Home Investment Company. On the afternoon of the same day after the sale of the said building, the summons and complaint in this action was served upon the defendants, along with the order requiring them to show cause and temporarily restraining them pending a hearing thereunder, as already hereinabove set forth. It is not necessary to go into further detail in stating the allegations of the complaint or the matters and things set forth in the answers and other papers submitted for my consideration.

The plaintiffs, in the statements of their counsel before me, rely upon three propositions to sustain their right of action and demand for an injunction restraining the defendants from tearing down and removing the old court house building and doing other things set forth in the complaint herein:

First. That the Act of the General Assembly authorizing the City of Orangeburg to borrow $75,000.00 is unconstitutional, but admitted that, inasmuch as the City Council had already acted thereunder and had expended approximately $62,000.00 of the total sum, only the balance remaining in the treasury of the city could be reached by the Court or was subject to the order of the Court.

Second. That a proper and legal petition had been presented to the City Council, requesting that an election be ordered as a referendum upon its acts and doings in relation to the old court house and that the City Council waived all conditions precedent and unlawfully refused to order such a referendum.

Third. That the legal number of qualified electors desire to file a petition, as required by law, asking for an election upon an ordinance relative to the disposition of the old court house building and its lot, and the City Council had been notified of this desire for initiating an ordinance, as permitted by law.

The City of Orangeburg, acting through its council, has already purchased the site or square of the old court house, with the old court house building thereon, and has complied with its contract for such purchase with the County of Orangeburg. It is too late now for the Court to attempt to interfere, as title to this property has long vested in the City of Orangeburg. It is not necessary for the determination of the rights of the parties in this action for the Court to pass upon the constitutionality of the Act of March 1, 1927, and I have not done so; neither is it necessary for me to pass upon the legality of the transactions of the City Council in connection with the authority contained in said Act. As to restraining the further expenditure of the balance alleged now to be held in the city treasury, the Court must decline to interfere, because it must presume, until the contrary is shown, that the City Council will spend all funds in its hands in a legal and constitutional manner.

As stated by our Supreme Court in *Stone v. City Council,* 113 S. C., 407; 102 S. E., 755: "It is the business of council, and not of the citizens, to determine what is best to be done with regard to the city's affairs. The discretion is vested in council by law, and they are not to be controlled in its exercise by the citizens, and not even by the Courts,

provided they act within the law, and it will always be assumed that they will so act, until the contrary is made to appear."

Considering the second position of the plaintiffs, that the City Council should have ordered an election or referendum, the Court finds that, as a matter of law and of fact, the petition received by the City Council on April 19, 1928, does not comply with the statutory requirements providing for a referendum vote upon an ordinance properly submitted to the City Council under the Commission Form of government. The petition in writing is not verified, does not use the word "referendum" or "election," and identifies no ordinance, resolution, combination or group of ordinances or resolutions which should be submitted to referendum vote, and otherwise does not comply with the requirements of the statute. I, therefore, find that the said petition does not comply with the requirements of law and there was no legal duty of the City Council thereunder to order a referendum or election in regard to the subject-matter contained therein.

The petitioners, in the third position taken by them, ask that the City Council be enjoined from proceeding, on the ground that they now contemplate filing petitions asking to initiate an ordinance relating to the old court house property and square now owned by the City of Orangeburg. No such petition has been circulated, so far as the evidence before me discloses, and certainly none such has been filed with the City Council. The mere statement of intention to originate and file a petition under the statute law applying to the government of a city under the Commission Form is not sufficient for a Court to act upon or to interfere with the City Council in the exercise of its discretion conferred by law.

As to the contention that the City Council waived the conditions precedent, it is only necessary to remark that the City Council cannot waive the re-

quirements of the statute which have not been complied
with in the particulars submitted by the plaintiffs that
would require a referendum election or an initiative elec-
tion.

All of the acts of the City Council of the City of Or-
angeburg in connection with the entire matter have been
open and above board and only after due notice of all pro-
ceedings to the public. In my opinion, the public has
waived its right to question any of the acts of the City
Council in matters complained of in the complaint in this
action, and plaintiffs are estopped from now contending
that the City Council has exceeded its authority in any par-
ticular as to any of their rights. The plaintiffs are now,
estopped from raising questions that would involve the
vested rights of the parties who have dealt with the City
of Orangeburg through its City Council, and the Court
will not now interfere with what has already been done.

The old court house building is the subject-matter
of this action. It was advertised for sale by the
City Council of the City of Orangeburg, and after
due notice calling for bids, it was sold to Home Investment
Company for value, and the Home Investment Company
is now the owner of the old court house building for valu-
able consideration, and the Court cannot now interfere
with the right to handle and dispose of its property as it
may desire and see fit.

In the case of *O'Dowd v. Waters, Mayor,* 130 S. C., 232;
125 S. E., 644, the action of the City Council involved in
that case was affirmed by the Supreme Court, on the ground
that "the City Council of Florence is the instrumentality
through which the corporation exercises its powers and
performs its duties, and the statute expressly gives to such
council plenary authority to act, respecting any subject that
shall appear to them necessary and proper for the welfare
of the city.

"The City Council of Florence is vested not alone with the power to make contracts concerning the property owned by the city, but in addition with full discretion in regard thereto, and under the facts of this case, the Court has no right and authority to interfere with this discretion by substituting its opinion for the discretion of the council."

In the exercise of its discretion as conferred upon it by law, in the matter of necessary improvements for the safety, comfort, and convenience of the public, the City Council has already acted in this matter and has sold the old court house building for value to the Home Investmen Company, and this Court will not now attempt to impose its authority against the discretion of the City Council has exercised by it in this matter. The old court house building is now the property of the Home Investment Company and it may tear it down, handle it, and dispose of it as it may see fit, not, however, in contravention with any contract or agreement now existing between it and the City of Orangeburg.

It, is, therefore, ordered, adjudged, and decreed that the temporary restraining order heretofore issued by me be dissolved, the rule to show cause discharged, and the application of plaintiffs for an injunction *pendente lite* be, and the same is hereby, refused.

If plaintiffs desire to appeal from this order, it is then further ordered, that plaintiffs forthwith increase the bond heretofore required of them to the sum of $1,000.00, to be approved by the Clerk of this Court, and that within five days from the filing of this order plaintiffs move before proper authority, upon notice to counsel for defendants, for an order restraining the defendants from doing the acts complained of in the complaint and fixing the amount and conditions of such bond as may be required of them by such authority pending such appeal. In the meantime, the *status quo* is preserved; but, upon failure of the plaintiffs

to comply with the above requirements, the defendants are no longer in any wise under any restraint whatsoever.

Dated May 24th, 1928.

By consent of counsel, motions on behalf of both plaintiffs and defendants, noticed to be made before me at Orangeburg on June 4, 1928, have been heard by me on this day.

Plaintiffs move for an order allowing an amendment to their amended complaint by alleging, in substance, that since the original amended complaint in this action was filed, a petition and proposed ordinance have been filed with the City Council of the City of Orangeburg, providing for disposition of the old county court house building; and also they again move for an order restraining and enjoining the defendants from interfering with or disturbing the said old county court house building until the final determination of this action.

In argument before me it is admitted that the petition and ordinance referred to were filed with the City Council on May 25, 1928, subsequent to a hearing upon the original application for injunction by plaintiffs, and all of the questions then involved were passed upon by me in an order dated May 24, 1928. The attempt now is to inject unnecessary matter into the pleadings to affect matters already passed upon in my prior order. In my order of May 24, 1928, I held that the old court house building had been legally sold and conveyed to the Home Investment Company by the City Council of the City of Orangeburg in the exercise of its discretion conferred upon the members of the City Council by law and for value after due notice to the public of intention to sell and dispse of the same, and that the Home Investment Company, as owner of the said building, should not be interfered with in its right to handle and dispose of its said property. If I was correct in so holding, it would be useless for plaintiffs to be permitted to amend their amended complaint as they now desire, and,

as I have already refused an injunction in this matter, I am not now disposed to take further action. I have been informed that a notice of intention to appeal in this case to the Supreme Court has been served and all of these questions may be passed upon by the Supreme Court.

It is, therefore, ordered that the motion of plaintiffs to amend their amended complaint and for a temporary injunction be, and the same is hereby, refused.

The defendant, Home Investment Company, moves for an order restraining and enjoining the other defendants in this action, constituting the City Council of the City of Orangeburg, from passing an ordinance or calling an election thereon proposed by a petition filed with the City Council on May 25, 1928, until the final determination of this action, and that the said City Council shall take no steps in regard thereto and shall not attempt to pass the said proposed ordinance or call an election on the same pending the final adjudication of the rights of the parties in the above-entitled action now under appeal to the Supreme Court, and that the rights of all parties be preserved in connection with such proposed ordinance until the decision by the Supreme Court.

For the City Council to call such an election at this time would impose a useless and unnecessary expense upon the City of Orangeburg and its citizens and cast a cloud upon the property purchased from the City of Orangeburg by the Home Investment Company, if such sale and purchase to the Home Investment Company by the City of Orangeburg was legal and valid, as I have heretofore held in my order of May 24, 1928, and in such event the disposition of the property, as provided in the proposed ordinance, could not be carried out if such ordinance should be passed or an election called and it be adopted by vote in such election. It appears that plaintiffs have obtained a supersedeas in the appeal pending adjudication in the Supreme Court, and I think it only fair and proper that

the other matters involved at issue be held in abeyance pending such adjudication.

It is, therefore, ordered that the defendants, R. H. Jennings, as Mayor, and A. C. Watson and J. M. Sifley, as Councilmen, constituting the City Council of the City of Orangeburg, be, and they are hereby, enjoined and restrained from further considering the proposed ordinance filed with the City Council by petition on May 25, 1928, providing for disposition of the old county court house property, and they are enjoined and restrained from passing said ordinance of calling an election thereon pending the final determinantion of this action; in the meantime the rights of said City Council to take such action in the matter as may be legal and proper are preserved, and, to that end, the proposed ordinance shall not become operative or effective or the statute run in its favor until the final determination of the action, so that after the Supreme Court has passed upon the said appeal and handed down its opinion therein the said City Council, in accordance with such opinion, shall then have the time provided by the statute to pass the said ordinance or call an election thereon.

Dated June 2, 1928.

*Messrs. J. Stokes Salley, M. E. Zeigler,* and *W. C. Wolfe,* for appellants.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and for respondents.

July 23, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Mann, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

*Messrs. Sims & Sims, Lide & Felder,* and *A. H. Moss,* CARTER concur.